UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DUANE JAMES STANTON,

    Plaintiff,

v.    Case No. 1:09-CV-990

FEDERAL NATIONAL MORTGAGE    HON. GORDON J. QUIST
ASSOCIATION and TROTT AND
TROTT, P.C.,

    Defendants.

_____/

## OPINION

Plaintiff, Duane James Stanton ("Stanton"), proceeding pro se, has sued Defendants, Federal National Mortgage Association ("FNMA") and Trott and Trott P.C. ("Trott & Trott"). Stanton asserts various claims arising out of a non-judicial mortgage foreclosure proceeding pursuant to M.C.L. § 600.3201, *et seq*. Defendants have moved for dismissal or for summary judgment. Stanton has also filed a number of motions, including: (1) a motion to compel and mandatory judicial notice; (2) a motion for reconsideration; (3) a motion for instructions from the Court; and (4) a motion for discovery. For the reasons set forth below, the Court will grant Defendants' motion, deny Stanton's motions, and dismiss the case with prejudice.

### BACKGROUND AND PROCEDURAL HISTORY

According to Stanton's allegations, he defaulted on his loan to Huntington National Bank ("HNB"), the successor to Sky Bank, prior to April 2008. The loan was secured by a mortgage on Stanton's residence (the "Property"). HNB apparently denied Stanton's hardship request and, through its counsel, Trott & Trott, initiated a foreclosure by advertisement as permitted under Michigan law. *See* M.C.L.A. § 600.3201, *et seq*. On August 27, 2008, a Sheriff's Deed on

Mortgage Sale was issued to HNB as the purchaser. HNB thereafter conveyed its interest in the Property to FNMA by quit claim deed. On April 23, 2009, following the expiration of the redemption period, FNMA filed a Complaint for Termination of Tenancy against Stanton in the State of Michigan, 2d District Court, 2d Division. On May 4, 2009, the state district court entered a judgment awarding possession to FNMA, and Stanton was ordered to vacate by May 15, 2009, or an order evicting him could be issued. Stanton removed the case to this Court, and the Court remanded the case to state court on July 22, 2009.

Stanton filed his complaint in the instant case on October 27, 2009. He alleges that on several occasions, he demanded that HNB and FNMA arrange for presentment of the original note and that HNB and FNMA, through their counsel, failed to comply with his demand for presentment. Stanton alleges that Defendants' failure or refusal to present the original note violated the Fair Debt Collection Practices Act, his due process rights under the Fifth and Fourteenth Amendments to the United States Constitution, the Uniform Commercial Code and the common law, and constituted fraud. As part of his requested relief, Stanton sought a permanent injunction against FNMA and all courts of the State of Michigan from enforcing any orders of eviction in connection with the Property against Stanton. Along with his complaint, Stanton filed an emergency motion requesting the Court to enjoin the state court eviction proceedings or execution of any eviction order. On November 6, 2009, Stanton filed an amended emergency motion for a preliminary injunction, in which he stated that immediate relief was necessary because an order of eviction was scheduled to issue on November 13, 2009.

On December 9, 2009, the Court entered an Order denying Stanton's motions for preliminary injunction, citing two grounds for the denial. First, the Court noted that Stanton's request for injunctive relief was moot because November 13, 2009, had passed and the order of eviction had

likely been entered and enforced. Second, the Court concluded that the Anti-Injunction Act precluded the Court from granting the requested relief. Thereafter, Defendants filed their motion to dismiss or for summary judgment.

**MOTION STANDARD**

Defendants move for dismissal for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c) or, in the alternative, for summary judgment pursuant to Fed. R. Civ. P. 56. Because Defendants have attached and relied upon matters outside the pleadings, and Stanton has attached matters outside the pleadings to his response, the Court will treat the motion as a motion for summary judgment.[1]

Summary judgment is appropriate if there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56. Material facts are facts which are defined by substantive law and are necessary to apply the law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 2510 (1986). A dispute is genuine if a reasonable jury could return judgment for the non-moving party. *Id.*

The court must draw all inferences in a light most favorable to the non-moving party, but may grant summary judgment when "the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *Agristor Fin. Corp. v. Van Sickle*, 967 F.2d 233, 236 (6th Cir. 1992)

---

[1]Defendants also contend that Stanton's complaint is subject to dismissal because it fails to comply with the requirements of Fed. R. Civ. P. 8(a)(2) (a pleading must contain "a short and plain statement of the claim"); 8(a)(3) (a pleading must contain "a demand for the relief sought"); 8(d)(1) (requiring "[e]ach allegation [to be] simple, concise, and direct"); 9(b) (requiring that averments of fraud be pled with particularity); and 10(b) (requiring a party to state its claims or defenses in numbered paragraphs). While the Court agrees with Defendants that Stanton's complaint violates all of these rules because his allegations are rambling, unclear, and disjointed (even granting Stanton the latitude normally accorded *pro se* parties), the Court finds it preferable to consider the motion on the merits as a summary judgment motion.

(quoting *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348, 1356 (1986)).

## DISCUSSION

Stanton alleges that the Court has jurisdiction over his claims on the basis of a federal question under 28 U.S.C. § 1331 and diversity jurisdiction under 28 U.S.C. § 1332. Contrary to Stanton's allegation, diversity does not exist in this case because Stanton and Defendant Trott & Trott are both citizens of Michigan. *See Glancy v. Taubman Ctrs., Inc.*, 373 F.3d 656, 664 (6th Cir. 2004) ("It is well settled that as a matter of statutory construction, diversity of citizenship requires complete diversity between all plaintiffs on one side and all defendants on the other side.").

For purposes of federal question jurisdiction, the Court determines that Stanton asserts two federal claims against Defendants arising out of the non-judicial foreclosure proceeding. The central factual assertion underlying each claim is that on several occasions, Stanton demanded that HNB and FNMA arrange for presentment of the original note and that HNB and FNMA, through Trott & Trott, failed to comply with his demands for presentment. Stanton alleges that Defendants' failure or refusal to present the original note violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*, and his due process rights under the Fifth and Fourteenth Amendments to the United States Constitution. Stanton also alleges that Defendants' failure to present the original note violated the Uniform Commercial Code and the common law and constituted fraud, which are state law claims falling within the Court's supplemental jurisdiction under 28 U.S.C. § 1367.

### *Federal Claims*

**1.    FDCPA**

To state a claim under the FDCPA a plaintiff must allege that: (1) the defendant took actions to collect a consumer debt; (2) the defendant is a "debt collector"; and (3) the defendant engaged in

4

conduct prohibited by the FDCPA. *Som v. Daniels law Offices, P.C.*, 573 F. Supp. 2d 349, 356 (D. Mass. 2008) (citing *McCorriston v. L.W.T., Inc.*, 536 F. Supp. 2d 349, 356 (M.D. Fla. 2008)). First, Stanton alleges that Trott & Trott is a "debt collector" under the FDCPA based upon the September 5, 2008, letter from Trott & Trott containing the following warning at the top: "This firm is a debt collector attempting to collect a debt. Any information we obtain will be used for that purpose." (Compl. Ex. 1.) Second, the mortgage loan was a consumer debt, and for purposes of the analysis of Defendants' motion, the Court will assume that a non-judicial foreclosure of a mortgage constitutes debt collection for purposes of the FDCPA. Stanton's claim fails, however, because while he alleges generally that the failure to present the original promissory note violates the FDCPA, he fails to cite any specific provision of the FDCPA supporting a violation. *See Martens v. Countrywide Home Loans* (*In re Martens*), 331 B.R. 395, 398-99 (B.A.P. 8th Cir. 2005) ("Martens' claim that Countrywide violated the FDCPA is supported only by her allegation that it could not collect its debt without presentment of the original note. Yet, she cited no provision of the FDCPA that so provides, and we have found none."). Moreover, Defendants have presented evidence that Trott & Trott, the only entity alleged to be a debt collector, responded to Stanton's request for verification of the debt by providing the required information. (Letter of 8/1/08, from Hoyt to Stanton, Defs.' Br. Supp. Mot. Ex. I.) Therefore, Stanton has failed to show a violation of the FDCPA.

Apart from Stanton's failure to show a violation of the FDCPA, his claim is subject to dismissal because it is barred by the one-year limitations period. *See* 15 U.S.C. § 1692k(d). An action under the FDCPA must be brought "within one year from the date on which the violation occurs." *Id.* Stanton sent a demand for presentment of the original note on June 30, 2008. Trott & Trott responded with a verification letter on August 1, 2008. Trott & Trott did not provide the

original note as part of the verification. Therefore, any violation occurred on or about August 1, 2008. Because Stanton filed his complaint in this case more than one year later, on October 27, 2009, his claim is time-barred.

    **2.    Due Process**

Stanton's due process claim also fails. The Sixth Circuit has held that Michigan's statute regulating foreclosure by advertisement does not involve state action for purposes of the Due Process Clause of the Fourteenth Amendment. *Northrip v. Fed. Nat'l Mortgage Ass'n*, 527 F.2d 23, 27-28 (6th Cir. 1975). As the Michigan Court of Appeals has stated, "foreclosure by advertisement is not a judicial action and does not involve state action for purposes of the Due Process Clause, but rather is based on contract between the mortgagor and the mortgagee." *Cheff v. Edwards*, 203 Mich. App. 557, 560, 513 N.W.2d 439, 441 (1994). Moreover, based upon its review of the foreclosure by advertisement statute, the Court finds no provision therein requiring the mortgagee to present the original promissory note to the mortgagor for the foreclosure to be valid. *Cf. Diessner v. Mortgage Elec. Registration Sys.*, 618 F. Supp. 2d 1184, 1187 (D. Ariz. 2009) (stating that "Arizona's non-judicial foreclosure statute does not require presentation of the original note before commencing foreclosure proceedings"). Presentation of the note is unnecessary because foreclosure by advertisement is a separate remedy from an action at law on the note. *Guardian Depositors Corp. v. Powers*, 296 Mich. 553, 560, 296 N.W. 675, 678 (1941). Accordingly, Stanton's due process claim fails.

### *State Law Claims*

Having concluded that Stanton's federal claims must be dismissed, the Court must decide whether to exercise supplemental jurisdiction over his state law claims. "A district court has broad discretion in deciding whether to exercise supplemental jurisdiction over state law claims." *Musson*

*Theatrical, Inc. v. Fed. Express Corp.*, 89 F.3d 1244, 1254 (6th Cir. 1996) (citing *Transcon. Leasing, Inc. v. Mich. Nat'l Bank of Detroit*, 738 F.2d 163, 166 (6th Cir. 1984)). In deciding whether to exercise its supplemental jurisdiction, "[a] district court should consider the interests of judicial economy and the avoidance of multiplicity of litigation and balance those interests against needlessly deciding state law issues." *Landefeld v. Marion Gen. Hosp., Inc.*, 994 F.2d 1178, 1182 (6th Cir. 1993) (affirming district court's order granting summary judgment on federal claim and dismissing state law claims without prejudice). "When all federal claims are dismissed before trial, the balance of considerations usually will point to dismissing the state law claims, or remanding them to state court if the action was removed." *Musson*, 89 F.3d at 1254-55 (citing *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7, 108 S. Ct. 614, 619 n.7 (1988)). Although the Court would normally decline to exercise jurisdiction, given the lack of merit of Stanton's claims the Court believes that the interests of judicial economy and avoiding multiple lawsuits support exercising supplemental jurisdiction to dispose of Stanton's claims in a single proceeding.

### 1. Violation of the UCC

Stanton alleges that Defendants violated the UCC by failing to present the original note in the non-judicial foreclosure. Stanton fails to cite any specific provision of the UCC that Defendants allegedly violated by failing to present the original promissory note. Stanton's entire premise is that the foreclosure was a suit on the promissory note which, as the Court explained above, is simply wrong. Therefore, this claim lacks merit.

### 2. Fraud

In order to state a claim for fraud, a plaintiff must allege that: (1) the defendant made a material misrepresentation; (2) the representation was false; (3) when the defendant made the representation, the defendant knew that it was false, or made it recklessly, without knowledge of its

7

truth as a positive assertion; (4) the defendant made the representation with the intention that the plaintiff would act upon it; (5) the plaintiff acted in reliance upon it; and (6) the plaintiff suffered damage. *M & D, Inc. v. W.B. McConkey*, 231 Mich. App. 22, 26-27, 585 N.W.2d 33, 36 (1988). Stanton fails to establish any of the required elements for a fraud claim. For instance, he fails to show that Defendants made a material misrepresentation upon which he relied. Moreover, Stanton fails to allege how he suffered any damage as a result of a material misrepresentation. In short, this claim lacks merit.

### 3. Violation of the Common Law

Stanton also alleges throughout his complaint that Defendants violated the common law. Stanton fails, however, to identify any particular act or law supporting such a claim. Like the other claims, this claim is conclusory and without merit.

## Conclusion

For the foregoing reasons, the Court concludes that Defendants are entitled to summary judgment on all claims. Therefore, the Court will grant Defendants' motion. In addition, the Court will deny all of Stanton's motions.

An Order consistent with this Opinion will be entered.


Dated: February 23, 2010 	             /s/ Gordon J. Quist         
	GORDON J. QUIST
	UNITED STATES DISTRICT JUDGE